UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NOE GREGORIO AQUINO OSORIO,

                                Plaintiff,                         21 Civ. 6413 (PAE) (JW)

                -v-                                       ORDER

PJ'S LAWN SERVICE INC. et al.,

                              Defendants.

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On December 14, 2022, the parties to this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action applied for approval of a proposed settlement agreement under which defendants PJ's Lawn Service Inc. and Peter Creegan would pay $16,286.66 to plaintiff Noe Gregorio Aquino Osorio and $8,713.34 in fees and costs to plaintiff's law firm, The Samuel Law Firm. *See* Dkt. 46 (the "Agreement").

The Agreement is legally satisfactory, and the Court would be prepared to approve the overall settlement sum of $25,000 as substantively reasonable and achieved through procedurally fair means. One feature of the Agreement, however, is deficient, making it impossible for the Court to approve it in present form: it lacks the signatures of the parties, although it includes spaces for these signatures. *See* Agreement at 6. The Court will not approve the parties' settlement agreement without plaintiff's and defendants' signatures.

## CONCLUSION

For the foregoing reason, the Court declines to approve the Agreement at this time. The parties may proceed in one of the following three ways.

(1)   The parties may file a revised agreement by December 29, 2022 that is consistent with the foregoing. Upon the filing of such an agreement, the Court is prepared to approve the settlement.

(2)   The parties may file a joint letter by December 29, 2022 that indicates their intention to abandon settlement and to continue to litigate this matter. If they do so, the Court will set a next conference in this matter, which will serve as a pre-motion conference at which the Court will discuss and set a briefing schedule for any motions for summary judgment, or, if no such motions are to be filed, set a trial date.

(3)   The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not, based on the current case law, require court approval. *See Martinez*, 2016 WL 206474, at *3 (citing *Cheeks*, 796 F. 3d at 201 n.2).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 19, 2022
New York, New York