# SETTLEMENT AGREEMENT AND RELEASE

Noe Gregorio Aquino Osorio, on behalf of himself and his heirs, executors, administrators, attorneys, and assigns (the "Plaintiff") and PJ's Lawn Service Inc. (the "Company") and Peter Creegan (collectively with the Company, "Defendants") (each a "Party" and collectively, the "Parties"), enter into this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

**WHEREAS**, on or about July 28, 2021, Plaintiff initiated an action against Defendants in the United States District Court for the Southern District of New York, Case No. 21-cv-06413 (the "Complaint"), asserting claims that the Defendants *inter alia*, allegedly violated the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff overtime as well as proper and timely wages;

**WHEREAS**, the Defendants and Releasees (that term defined below) have denied and continue to deny liability with respect to each and every material allegation asserted by Plaintiff; and

**WHEREAS**, the Parties wish to amicably resolve all differences between them.

**NOW, THEREFORE**, the Parties in consideration of the mutual covenants and commitments set forth herein, agree as follows:

**I.      Consideration.**

A. In consideration of the promises of Plaintiff set forth herein, and without any other obligation to do so, Defendants agree to provide Plaintiff with the total sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) ("Settlement Payment") in accordance with the following schedule of payments:

(a) Within ninety (90) days of the later of (i) Defendants' counsel's receipt of completed IRS Forms W4 and W9 for Plaintiff and completed IRS Form W9 by Plaintiff's counsel and (ii) approval of this Agreement by the Court and the dismissal of the Complaint with prejudice, Defendant will pay Plaintiff the amount of Ten Thousand Dollars ($10,000.00), which shall be disbursed as follows: (x) one check payable to "Noe Gregorio Aquino Osorio" in the amount of $6,286.67, less applicable taxes and withholdings, for alleged wage damages and (y) one check payable to "The Samuel Law Firm" in the amount of $3,713.33, which shall represent attorneys' fees and costs.

(b) On the first day of the calendar month following the payment set forth in Paragraph I(A)(a), Defendant will pay Plaintiff the amount of Five Thousand Dollars ($5,000.00), which shall be disbursed as follows: (i) one check payable to "Noe Gregorio Aquino Osorio" in the amount of $3,333.33, less applicable taxes and withholdings, for alleged wage damages and (i) one check payable to "The Samuel Law Firm" in the amount of $1,666.67, which shall represent attorneys' fees and costs.

(c) On the first day of the calendar month following the payment set forth in Paragraph

      I(A)(b), Defendant will pay Plaintiff the amount of Five Thousand Dollars ($5,000.00), which shall be disbursed as follows: (i) one check payable to "Noe Gregorio Aquino Osorio" in the amount of $3,333.33, less applicable taxes and withholdings, for alleged wage damages and (i) one check payable to "The Samuel Law Firm" in the amount of $1,666.67, which shall represent attorneys' fees and costs.

    (d) On the first day of the calendar month following the payment set forth in Paragraph I(A)(c), Defendant will pay Plaintiff the amount of Five Thousand Dollars ($5,000.00), which shall be disbursed as follows: (i) one check payable to "Noe Gregorio Aquino Osorio" in the amount of $3,333.33, less applicable taxes and withholdings, for alleged wage damages and (i) one check payable to "The Samuel Law Firm" in the amount of $1,666.67, which shall represent attorneys' fees and costs.

B. Defendants shall deliver the settlement checks listed in Section I(A) to The Samuel Law Firm, Attn. Michael Samuel, 1441 Broadway, Suite 6085, New York, New York 10018. The Samuel Law Firm shall be responsible for distributing the Settlement Payment to Plaintiff.

C. The Parties acknowledge and intend the Settlement Payment to be in full and complete satisfaction and settlement of any and all claims that have been or could have been asserted by Plaintiff against Defendants, including, but not limited to, any actual or potential wage and hour claims or other claims arising from, involving, or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

D. Plaintiff agrees to pay any and all taxes or other monies found to be owed by him from the payment of the Settlement Payment pursuant to this Agreement, and to indemnify and hold the Defendants harmless from any claims, assessments, demands, penalties, and interest owed, or found to be owed (other than the Defendants' portion of FICA, if any), as a result of any Settlement Payment made pursuant to this Agreement and or the tax treatment of that payment. Plaintiff agrees to cooperate with the Defendants should any state, federal, or local taxing authority approach them with regard to taxes as a result of the Settlement Payment. The Defendants shall issue applicable IRS forms to Plaintiff and/or Plaintiff's attorney for the payments detailed above, as appropriate, at the same time as the Defendants issues those forms to its current employees or other individuals/entities for the applicable tax year.

II. **Release**.

A. **Release of Claims**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, Plaintiff, including his heirs, executors, administrators, successors and assigns, fully and forever release, relieve, waive, relinquish, and discharge Defendants, and any of its subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), any parents (including but not

limited to and any grandparent entities, great grandparent entities, and so on), affiliates, successors, franchisors, related entities, assigns, heirs, executors, trustees, administrators, and attorneys, and all of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, heirs, executors, administrators, successors and assigns as applicable (collectively "Releasees") from all actions, causes of action, suits, liabilities, obligations, costs, expenses, sums of money, controversies, agreements, promises, damages, judgments, executions, claims and demands, which they had, now has or hereafter can, shall or may have against Releasees, from the beginning of the world through the date Plaintiff executes this Agreement, relating to any and all wage and hour claims, including but not limited to: all claims asserted in the Complaint, all claims under the FLSA, NYLL, claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, misclassification, failure to maintain records, improper deductions, improper frequency of pay, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Releasees and/or other compensation, wages, or benefits, and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law.

- B. **Claims Not Released**. Plaintiff is not waiving rights he may have to benefits or the right to seek benefits under applicable workers' compensation or unemployment compensation statutes, pursue claims which by law cannot be waived by signing this Agreement, or enforce this Agreement.

- C. **No Claims Filed.** Plaintiff affirms that he has not filed, caused to be filed, or is presently a party to any claim, complaint, or action against Defendants in any forum or form.

### III. <u>Dismissal of the Lawsuit</u>

- A. **Stipulation of Dismissal.** Simultaneously with the execution of the Settlement Agreement and Agreement, the Parties shall execute, or their counsels will execute, all documents necessary to dismiss the Lawsuit, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice, attached hereto as <u>Exhibit A</u>, which shall be filed with the Court and shall be effective upon the Court's approval of the Agreement;

- B. **Approval.** Plaintiff agrees to comply with any Court order regarding motions for approval of the Agreement.

- C. **No Further Claims.** Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants. In the event that, for any reason, any FLSA or NYLL Claim brought by or on behalf of Plaintiff contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this

Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes Defendants to obtain dismissal thereof and agrees to take all steps necessary to effectuate such dismissal; (ii) Plaintiff shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiff shall indemnify and shall hold Defendants harmless against and will not obtain or accept on his behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse Releasees for the legal fees and costs incurred defending any claim, action or proceeding initiated by Plaintiff against Releasees;

IV. **Miscellaneous.**

   A. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

   B. **No Admission of Wrongdoing**. The Parties expressly agree that neither this Agreement, its execution, the performance of any of its terms, nor any of its contents will constitute, be construed as, or be offered as evidence of an admission of any fact or of any wrongdoing or liability by or on the part of the Defendants or Releasees, and that the Defendants and Releasees expressly deny any wrongdoing or liability on their part. Furthermore, the Parties agree that Plaintiff shall not be considered prevailing parties nor successful parties.

   C. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties hereto.

   D. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

   E. **No Reliance**. Plaintiff acknowledges that, by signing this Agreement, he has not relied upon any representations, promises or agreements made by the Defendants, Releasees, or their employees, officers, directors or representatives (including any of their attorneys) that are not contained in this Agreement.

F. **Successors and Assigns**. This Agreement shall inure to the benefit of and be binding upon the Parties hereto. However, neither this Agreement nor any right or interest hereunder shall be assignable by Plaintiff.

G. **Drafter of this Agreement**. In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of and draft this Agreement, the Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is and shall be inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

H. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute by one Agreement. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

I. **Representations of the Parties.** Plaintiff and Defendants each represent and warrant that:

 (a) Each has the power and is duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein, and the persons executing this Agreement are authorized agents for purposes of executing this Agreement;

 (b) The execution of this Agreement does not put any party hereto in violation of any agreement to which he or it is a party; and

 (c) This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

J. **Representations by Plaintiff.** Plaintiff represents and warrants that:

 (a) He has carefully read this Agreement;

 (b) He has had a reasonable period of time in which to review and consider this Agreement;

 (c) He has discussed this Agreement with his attorney;

 (d) He understands all of the terms of this Agreement;

 (e) He has not relied upon any representation or statement, written or oral, not set

in this Agreement; and

(f) He has knowingly and voluntarily executed this Agreement.

**IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and Release on the dates shown below.**

NOE GREGORIO AQUINO OSORIO

_[signature]_ Date: _____

STATE OF _____
COUNTY OF _____

On this _____ day of December, 2022, before me came Noe Gregorio Aquino Osorio, known to me to be the same who executed by hand before me the foregoing Settlement Agreement and Release on this date.

_____
Notary Public

PJ'S LAW SERVICE INC.

By: _____ Date: _____
Name: Peter Creegan
Title: President

PETER CREEGAN

_____ Date: _____

STATE OF _____
COUNTY OF _____

On this _____ day of December, 2022, before me came Peter Creegan, known to me to be the same who executed by hand before me the foregoing Settlement Agreement and Release on this date.

_____
Notary Public

forth in this Agreement; and

(f)  He has knowingly and voluntarily executed this Agreement.

**IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and Release on the dates shown below.**

NOE GREGORIO AQUINO OSORIO

_____    Date: _____

STATE OF _____
COUNTY OF _____

On this _____ day of December, 2022, before me came Noe Gregorio Aquino Osorio, known to me to be the same who executed by hand before me the foregoing Settlement Agreement and Release on this date.

_____
Notary Public

PJ'S LAW SERVICE INC.

By: _/s/ Peter Creegan_____    Date: 12/29/22
Name: Peter Creegan
Title: President

PETER CREEGAN

_/s/ Peter Creegan_____    Date: 12/29/22

STATE OF New York
COUNTY OF Rockland

On this 29th day of December, 2022, before me came Peter Creegan, known to me to be the same who executed by hand before me the foregoing Settlement Agreement and Release on this date.

_/s/ Eraina Collazo_____
Notary Public

ERAINA COLLAZO
Notary Public, State of New York
No. 01CO6119238
Qualified in Rockland County
Commission Expires Nov. 29, 20 24.

6